UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE HILARIO CASTRO, | : |
| PLAINTIFF, | : |
| v. | : |
| | : |
| PRIDES CORNER FARMS, INC. | : |
| DEFENDANT. | : DECEMBER 30, 2016 |
| | : |

COMPLAINT

COMES NOW the plaintiff, JOSE HILARIO CASTRO, through his undersigned

counsel, and hereby files this Complaint against the defendant, PRIDES CORNER FARMS,

INC.

Nature of Action

1. This is a suit for equitable relief and for damages sustained by the plaintiff as a result of

   the defendant's discriminatory employment actions. This six count complaint includes

   causes of action for disability discrimination under the Americans with Disabilities Act,

   42 U.S.C. 12101 et seq., race discrimination under Title VII of the Civil Rights Act of

   1964, 42 U.S.C. Section 2000e et seq., and both disability and race discrimination under

   Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§46a-60, et. seq.

2. The defendant, PRIDES CORNER FARMS, INC., ("Prides Corner") terminated the

   plaintiff in violation of both state and federal laws on account of both his disability and

   his race.

3. The plaintiff, who suffers from renal failure, could have performed the essential functions of his job with or without reasonable accommodation, the defendant had notice of the plaintiff's disability, and the defendant failed to provide the reasonable accommodations requested by the plaintiff.

4. The plaintiff is Hispanic and was disparately treated on account of his race; specifically he was not provided the accommodation of a position transfer to another open position for which he was qualified, while the defendant provided position transfer accommodations to injured Caucasian employees.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331.

6. This Court has supplemental subject matter jurisdiction over plaintiff's state claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1391 because all events or omissions giving rise to the claim took place within the state of Connecticut.

## PARTIES

8. At all times relevant hereto, the plaintiff was a resident of the State of Connecticut.

9. Upon information and belief, defendant, Prides Corner Farms, Inc. is a corporation formed in Connecticut with its principal place of business in Connecticut.

10. Upon information and belief, defendant, Prides Corner Farms, Inc. operates a farm in the State of Connecticut and employed and employs over five hundred (500) employees.

11. At all times relevant hereto, defendant, Prides Corner Farms, Inc., was plaintiff's employer within the meaning of the ADA, Title VII of the Civil Rights Act of 1964 and the CFEPA.

## FACTUAL BACKGROUND

12. The plaintiff has complied with all the procedural prerequisites to commence an action under the aforementioned statutes in that he filed a timely complaint of employment discrimination with the Connecticut Human Rights and Opportunities (hereinafter, "CHRO") and Equal Employment Opportunities Commission (hereinafter, "EEOC").

13. The plaintiff has obtained a release of jurisdiction on November 14, 2016.

14. The plaintiff was employed by the defendant for the position of plant fertilizer in the year 1993.

15. The plaintiff worked for the defendant for over twenty (20) years from 1993 until 2015.

16. The plaintiff was promoted to the position of plant fertilizer foreman in his first year of employment in 1993.

17. The plaintiff's work duties as a plant fertilizer foreman included supervising a team of approximately four (4) plant fertilizer employees.

18. Throughout his years of employment, the plaintiff's supervisor, Mike Emmons, would tell the plaintiff that his job was supervisory in nature and that he should not be doing physical labor.

19. In August, 2014, Mr. Castro provided notice to Prides Corner that he could no longer perform heavy lifting.

20. On or about February 6, 2015, the plaintiff met with several members of the defendant's management.

21. Tony Ruiz, of the defendant's Human Resources Department, told Mr. Castro that because he could not lift anything or do any strenuous work, there was no work for him.

22. On or about February 6, 2015, the plaintiff requested several reasonable accommodations.

23. The plaintiff requested that he be able to continue his job as Plant Fertilizer Foreman because he would still be able to complete it.

24. The plaintiff also requested a transfer to a position that he was qualified for.

25. Tony Ruiz indicated that there was no job available to him because of the medical restrictions that his doctor had provided.

26. Tony Ruiz said that his doctor had restricted the plaintiff's work by saying that he could not work on his feet.

27. There was no medical restriction on the plaintiff that the plaintiff could not work on his feet.

28. The plaintiff said he could continue to perform his job because it was a supervisory job and not necessarily a manual labor job.

29. None of the restrictions that Mr. Castro's doctor had provided prevented him from successfully supervising the plant fertilizer team.

30. On or about February 6, 2015, Mr. Castro was terminated because of his physical disability.

31. On or about February 6, 2015, Mr. Castro was terminated because of his race.

32. The reason given by Prides Corner for his termination was that he was physically unfit to perform the job. This reason was pre-textual as Prides Corner had continued to employ Castro even after he first became disabled on August, 2014, and because Mr. Castro was able to continue performing his job.


<u>FIRST CAUSE OF ACTION</u>
VIOLATION OF A.D.A., 42 U.S.C. 12101 ET SEQ.
REASONABLE ACCOMMODATION CLAIM

33. The foregoing paragraphs are re-alleged and incorporated by reference herein.

34. The plaintiff had a physical disability; kidney disease and renal failure.

35. The plaintiff could perform the essential functions of his job as Plant Fertilizer Foreman with or without a reasonable accommodation.

36. The defendant had notice of the plaintiff's disability.

37. The plaintiff requested that he be able to continue his job as Plant Fertilizer Foreman because he would still be able to perform his job duties.

38.  When the defendant informed the plaintiff that he could not continue to perform his job, the plaintiff requested a transfer to a position for which he was qualified.

39. The defendant did not make a good faith effort to discuss accommodations that could be made for the plaintiff.

40. The defendant failed to engage in an informal, interactive process with the plaintiff to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.

41. The defendant failed to provide reasonable accommodation to the plaintiff so that he could perform the essential functions of his job.

42. The defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff financial and emotional harm and entitling the plaintiff to damages.

<u>SECOND CAUSE OF ACTION</u>
VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
CONN. GEN. STAT. §§46A-60, ET. SEQ.
REASONABLE ACCOMMODATION CLAIM

43.  The foregoing paragraphs are re-alleged and incorporated by reference herein.

44. The defendant's failure to reasonable accommodate Mr. Castro's disability is a violation of CFEPA Conn. Gen. Stat. §§46A-60, et seq.

45. The defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff financial and emotional harm and entitling the plaintiff to damages.

### THIRD CAUSE OF ACTION
### VIOLATION OF ADA, 42 U.S.C. § 12101 et seq.
### DISCRIMINATORY TERMINATION

46. The foregoing paragraphs are re-alleged and incorporated by reference herein.

47. The defendant is subject to the ADA.

48. The plaintiff has a disability under the meaning of the ADA.

49. The defendant discriminated against the plaintiff during the course of his employment on
account of his disability

50. The plaintiff was qualified to perform the essential functions of his job at the time he was
terminated, on or about February 6, 2015.

51. The Plaintiff was terminated because of his disability.

52. The defendant acted with malice or with reckless disregard for plaintiff's rights, causing
plaintiff financial and emotional harm and entitling the plaintiff to damages.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CONN. GEN. STAT. §§46A-60, ET. SEQ.
### DISCRIMINATORY TERMINATION

53. The foregoing paragraphs are re-alleged and incorporated by reference herein.

54. The plaintiff has a disability under the meaning of Conn. Gen. Stat. §46a-60 et seq.

55. The defendant discriminated against the plaintiff because of his disability in violation of
General Statutes § 46a–60 et seq.

7

56. The defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff financial and emotional harm and entitling the plaintiff to damages.

FIFTH CAUSE OF ACTION
RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000E. ET SEQ.

57. The foregoing paragraphs are re-alleged and incorporated by reference herein.

58. The plaintiff is a Hispanic male

59. At all relevant times, Mr. Castro fully, adequately and completely performed all the functions, duties, and responsibilities of his employment with Prides Corner.

60. The plaintiff performed his position for over twenty (20) years and was uniquely qualified to perform his position.

61. On or about 2010 Prides Corner Farm hired a Human Resources Manager, Tony Ruiz.

62. Many of the Hispanic employees at Prides Corner became afraid of Tony Ruiz because she treated Hispanic employees differently from Caucasian employees.

63. After Tony Ruiz was hired, the defendant continued to accommodate Caucasian employees who became disabled as required by state and federal laws.

64. After Tony Ruiz was hired, the defendant refused to accommodate Hispanic employees who became disabled as required by state and federal laws.

65. Hispanic employees who were or became disabled were terminated rather than accommodated.

66. Upon information and belief, a Mexican employee with the first name Juan cut his thumb off at work.

67. Prides Corner Farm did not call an ambulance to assist Juan after his injury.

68. Prides Corner Farm terminated Juan without attempting to accommodate him.

69. Upon information and believe, there was another Hispanic employee, Angel Vasquez, who fell from a greenhouse roof injuring himself.

70. Again, Prides Corner did not call an ambulance for the worker.

71. Prides Corner Farm terminated Angel Vasquez and then informed him that if he wished to be rehired it would be at a reduced wage.

72. At all times relevant to this action, when Caucasian workers became injured or disabled, Prides Corner would accommodate them.

73. Upon information and believe, one Caucasian employee who was driving a tractor on the farm was hit by a truck and injured.

74. That Caucasian employee was accommodated and given a job transfer to a light-duty job placing tags on plastic sticks to place into plants.

75. The plaintiff is aware of the defendant's disparate treatment between races both because he worked at Prides Corner for over twenty (20) years and because Prides Corner requested that the plaintiff would drive employees to their medical appointments.

9

76. During the course of his over twenty (20) years of employment, the plaintiff observed that Hispanic employees had fewer opportunities for promotion.

77. Specifically, Tony Ruiz required that workers would have to produce driver's licenses to in order to be eligible for promotion to supervisory positions.

78. Tony Ruiz created this requirement in order to discriminate against Hispanic workers.

79. The Hispanic employees began producing drivers' licenses.

80. Tony Ruiz then began requiring higher education for promotions with the same intention of preventing Hispanic employees from becoming supervisors.

81. Prides Corner's management team was ideologically divided on the issue of racial parity in the promotion of Hispanics.

82. There were occasions when Hispanic workers were promoted to supervisory positions, but even when that was the case, the promotion would come with a smaller pay raise than Caucasians would receive for similar promotions.

83. The plaintiff was terminated because he was a Hispanic employee with a disability.

84. Prides Corner was motivated to terminate the plaintiff both because of his disability and because he was Hispanic.

85. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII of the Civil Rights Act of 1964.

86. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

10

87. The defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff financial and emotional harm and entitling the plaintiff to damages.

## SIXTH CAUSE OF ACTION
RACIAL DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. §§46A-60, ET. SEQ.

88. The foregoing paragraphs are re-alleged and incorporated by reference herein.

89. The defendant's conduct against the plaintiff because of his race violated Connecticut General Statutes § 46a–60 et seq.

90. By acting as described, the defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff financial and emotional harm and entitling plaintiff to damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff claims:

1.  Compensatory Damages, including, lost wages and future lost wages in the amount of $150,000.00;

2.  Reinstatement of employment;

3.  Attorneys' fees and court costs;

4.  Punitive damages in the amount of $300,000.00;

5.  Such other relief and further relief as this honorable Court deems just and proper; and

6.  A jury trial.

THE PLAINTIFF

JOSE HILARIO CASTRO

By:   /s/_____
Nadim Tarabishy (ct 28986)
His Attorney
Hartford Legal Group, LLC
241 Main Street, 3rd Floor
Hartford, CT 06106
(860) 466 – 4278
(f)(860) 466 – 4279
nadim@HartfordLegalGroup.com